No. 24,021.

S. Shultz, *Appellee*, v. The North River Insurance Company of New York, *Appellant*.

### SYLLABUS BY THE COURT.

1. Fire Insurance—*Cancellation of Policy—No Notice of Cancellation Given to Insured.* Upon the issue whether the agent of an insurance company was the agent of the insured to receive notice of cancellation of a policy, including the question whether notice of cancellation had been given to the insured, adverse findings were made by the jury. *Held,* that the evidence sustains the findings and verdict.

2. Same—*Destruction of Policy—Secondary Evidence of Terms of Policy Competent.* To offer secondary evidence of the terms of the insurance policy it was unnecessary for the plaintiff to account for the absence of the original or show inability to produce it where it was conceded that defendant had destroyed the policy.

Appeal from Cherokee district court; Frank W. Boss, judge. Opinion filed December 9, 1922. Affirmed.

*William G. Holt, C. C. Crow,* and *John H. Newman,* all of Kansas City, Mo., for the appellant.

*Al. F. Williams,* and *Don H. Elleman,* both of Columbus, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This is an appeal from a judgment awarded to plaintiff upon an insurance policy.

By the policy plaintiff's building in Neutral was insured against loss by fire or lightning for a period of one year from June 24, 1918. It appears that a small loss by fire was sustained on October 21, 1918, which was adjusted, and later the defendant sent a draft for

that amount to J. Wilbur Logan, its agent at Baxter Springs, but this draft was not delivered to plaintiff. On February 10, 1919, the building was entirely destroyed by fire and there is no dispute as to the extent of the loss nor as to the fact that proper proofs of loss were given to defendant. The defense made against the claim was that the policy had been canceled and terminated by the defendant on October 22, 1918, when the defendant was given credit on the books of the agency for the return premium. A state agent of the defendant testified that when the first loss of $30 was adjusted it was agreed that the policy should be canceled and that he was authorized to obtain the policy, which was then in the hands of the local agent. The state agent said he computed the amount of the return premium, which he paid to the local agent. On what is called the "Daily Report" of the local agent, there was written the words "canceled by special agent, $3.85 return premium allowed, October 1st, 1918," but when this entry was made is not shown. It is conceded that the plaintiff had the right to cancel the policy upon giving due notice thereof to the defendant, but plaintiff testifies that no agreement for a cancellation had ever been made and no notice of cancellation had ever been given to him by the company or by any of its agents. Logan, the local agent, who had procured the insurance, testified that he did not know of a cancellation and had never heard of one until after the fire had destroyed the building. Whether or not the policy had been canceled was an issue of fact for the jury. The burden was upon the defendant to establish the fact and it has been settled against the contention of defendant. An effective cancellation could not be made without notice to the plaintiff or to his duly authorized agent.

It is argued the entry made on the "Daily Report" indicates that notice was given to Logan, but even if that is granted it would be fruitless unless Logan can be regarded as the agent of the plaintiff. If he was not authorized by plaintiff to receive notice of a cancellation or unless he stood in such a relation to plaintiff that agency as to the transaction may be implied, a notice to him would be unavailing. The claim is that plaintiff had entrusted to Logan the matter of keeping his property insured and therefore he must be treated as the agent of the plaintiff. The only basis for the claim of agency is that plaintiff telephoned to the agent of defendant, about the time the original policy expired, asking him to issue the policy in question, and that he expected Logan to issue the policy,

Shultz v. Insurance Co.

and thus keep his property covered by insurance. The fact that plaintiff requested an agent of an insurance company to renew a policy and thus continue the insurance on it, a not uncommon practice, did not make the defendants the agent of plaintiff to receive notice of cancellation. Besides, Logan expressly stated in his testimony that there was no such relationship; nor that he was to take care of his insurance business, nor that plaintiff depended on him to do so, and plaintiff himself testified that his part in the transaction was merely to telephone the agent requesting the renewal of the policy before it expired, and that he had previously asked him to take care of his insurance in that way. The court correctly advised the jury that:

"If you find that said J. Wilbur Logan was the agent of plaintiff and authorized to receive notice of cancellation, and that the company did cancel the policy and notify said Logan of such cancellation prior to the fire in question, then that would be a cancellation and be binding on the plaintiff, even though said Logan may not have communicated such notice to the plaintiff. On the other hand, if you do not find that said Logan was the agent of said plaintiff and authorized to receive notice of cancellation, then any notice of cancellation that may have been given to said Logan would not be notice to or binding upon the plaintiff."

The finding of the jury determines that Logan was not the agent of plaintiff to receive notice of cancellation, and the evidence furnished a good basis for the finding.

Error is also assigned on the ruling of the court in permitting secondary evidence of the provisions of the policy, when no showing was made that plaintiff had made efforts to obtain possession of the policy. This contention is without merit, as the defendant concedes that it had in some way gained possession of the policy and had destroyed it. Why should the plaintiff go through the useless task of a search for a policy or make a showing that it could not be produced when it is admitted that defendant had already destroyed it?

The judgment is affirmed.